UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELVIN A. McCABE,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>RANDY BLADES, Warden,<br><br>　　　　　　　　Respondent. | Case No. 1:16-cv-00381-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Melvin A. McCabe filed a Petition for Writ of Habeas Corpus challenging his most recent state court conviction. (Dkt. 1.) Respondent has filed a Motion to Dismiss the Petition on procedural grounds, asserting that all of Petitioner's claims are procedurally defaulted and subject to summary dismissal. (Dkt. 12.) Petitioner filed a Response in opposition to summary dismissal and a "Request for Incorporation and Relation Back re: Petition for Writ of Habeas Corpus." (Dkts. 14, 15.) These motions are now fully briefed. The Court finds that oral argument is unnecessary. Based upon the written record, the Court enters the following Order.

## REVIEW OF PETITION

1. **Standard of Law**

When a petitioner's compliance with threshold procedural requirements is at issue in a federal habeas corpus matter, a respondent may file a motion for summary dismissal,

rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by the parties.

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state, like Idaho, that has the possibility of discretionary review in the highest appellate court, the petitioner must have presented all his federal claims in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise

insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a

**MEMORANDUM DECISION AND ORDER - 3**

miscarriage of justice would occur if the federal claim is not heard. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).[1]

Ordinarily, to show "cause" for a procedural default, a petitioner must prove that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Coleman v. Thompson*, 501 U.S. at 753. To show "prejudice," a petitioner must demonstrate "not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

A petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

A limited exception to the *Coleman* rule exists in *Martinez v. Ryan*, 566 U.S. 1 (2012). That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at *initial-review* collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance *at trial*." *Id*. at 9 (emphasis added). To show ineffective assistance of PCR counsel, Petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial,"

---

[1] There is no evidence in the record supporting an actual innocence claim. Therefore, the Court will not further address that exception to procedural default.

**MEMORANDUM DECISION AND ORDER - 4**

meaning that the claims have "some merit." *Id*. at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id*.; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

   2. **Background**

Jerome police officer Jason Summers was familiar with Petitioner and the fact that his driver's license had been suspended, because Summers had encountered Petitioner driving without privileges in the Jerome area in late December 2012 and early January 2013. On January 18, 2013, Summers saw Petitioner driving, suspected he was doing so without privileges, stopped to speak to Petitioner, and then had Petitioner exit the car to be placed in custody for driving with a suspended license and providing false information to an officer. Summers searched Petitioner's person incident to arrest and found a cigarette pack containing a clear plastic bag with a crystal substance in it. Summers testified that he put the pack back into Petitioner's pocket, gave Petitioner a *Miranda* warning, and then questioned Petitioner about the contents of his pocket. Officers found several additional packages of methamphetamine and paraphernalia. Petitioner was arrested and charged. (State's Lodging A-1, pp. 304-13.)

In a Jerome County criminal action in the Fifth Judicial District Court of the state of Idaho, Petitioner pleaded guilty to and was convicted of possession of a controlled substance under Idaho Code § 37-2732(c), and an enhancement for having a second drug offense under Idaho Code § 37-2739. On July 12, 2013, Petitioner was sentenced to a prison term of six years fixed and eight years indeterminate.

**MEMORANDUM DECISION AND ORDER - 5**

Petitioner filed a motion to suppress evidence, a direct appeal, a state post-conviction relief action, a motion to withdraw his guilty plea, two Rule 35 motions, and an original petition for writ of certiorari in the Idaho Supreme Court. He received no relief in any state court action.

3. **Claim 1**

    A. *Nature of Claim*

    Claim 1 is as follows:

    > Petitioner was denied the fundamental and absolute right to conflict-free and effective assistance of counsel; he contends that an actual conflict existed that adversely affected the performance of counsel; and that he did not knowingly and intelligently waive his right to conflict-free counsel.

(Dkt. 1, p. 6.) Petitioner alleges that the following acts or omissions of his attorney, Stacey DePew, were caused by the Jerome County public defender's low-paying "flat fee" contract with her: (a) refusing to copy or discuss discovery responses from the prosecutor with him, and using it as leverage in coercing a guilty plea; (b) failing to consult or communicate with Petitioner regarding evidence; (3) failing to file pretrial motions challenging the search and arrest as unconstitutional; and (4) failing to prepare for the preliminary hearing or interview him to obtain relevant information concerning the search and arrest. Petitioner alleges that he properly exhausted this claim.

   B. *State Court Proceedings*

   Petitioner raised Claim 1 in his post-conviction petition, contending that a "financial conflict of interest" was created when the county public defender entered into a contract to pay DePew a "lump sum to handle an unlimited number of cases" (State's

Lodging C-1, p. 8.) He asserted that "it was in DePew's personal interest to devote as little time as possible to each appointed case, leaving more time for her to do other more lucrative work." (*Id.*) In particular, Petitioner asserted:

> In McCabe's underlying criminal case, Stacey DePew lacked interest in his claims of 4th Amendment violations or his attempts at seeking legal assistance or guidance surrounding inhumane conditions of confinement that violated the Americans with Disabilities Act. Her absence of interest and lack of concern pushed McCabe over the edge, forcing a Hobson's choice of self-representing or moving forward with an attorney uninterested in putting the State to the test.

(*Id.*, p. 9.)

The state district court dismissed Petitioner's conflict-of-interest claim after notice to him, based on Petitioner's failure to make a prima facie showing of an actual conflict of interest. (*Id.*, pp.64-68.) The state court determined that Petitioner did not provide sufficient evidence showing (1) that the public defender contract prevented or precluded DePew from providing proper and effective representation to Petitioner; or (2) that DePew was unable or unwilling to provide adequate representation. (State's Lodging C-1, p. 43.) The court further concluded that Petitioner waived any claim concerning his legal representation when he entered in an unconditional plea of guilty in his criminal case. (*Id.*, p. 45.) Petitioner responded to the notice of intent to dismiss. The Court thereafter dismissed the claim with prejudice. (*Id.*, p. 66-67.)

Petitioner filed an appeal, raising a claim that the state district court erred when it failed to appoint post-conviction counsel to help Petitioner pursue his claim that trial counsel had labored under a conflict of interest and that her performance had been

**MEMORANDUM DECISION AND ORDER - 7**

adversely affected by the conflict. (*Id.*, p. 6.) The Idaho Court of Appeals concluded that Petitioner "failed to allege facts to show the existence of an actual conflict of interest or prejudice arising from a financial conflict of interest," and, therefore, the state district court had properly denied Petitioner's request for appointment of post-conviction counsel to help him present the conflict-of-interest claim. (State's Lodging D-4, p. 7.) The Idaho Supreme Court denied Petitioner's petition for review on the same subject matter. (State's Lodging D-7.)

### C. Discussion

The particular question at hand in this matter is whether a trial counsel conflict-of-interest claim can be properly exhausted by raising it only as support within a claim that the state district court should have appointed post-conviction counsel to properly investigate and present the conflict-of-interest claim. The Idaho Court of Appeals addressed whether Petitioner had made a prima facie showing as to the conflict-of-interest claim in that context only. Because the Court of Appeals determined that Petitioner had not made a threshold showing on the conflict of interest issue, it also determined that the state district court did not err in declining to appoint initial post-conviction counsel for him.

If this Court concludes that the manner in which the claim was brought by Petitioner and addressed by the Idaho Court of Appeals is adequate, Petitioner can proceed to the merits of the claim. If the Court concludes that the claim was inadequately presented (because it was not presented as a stand-alone claim), then the claim is procedurally defaulted, and Petitioner can argue under *Martinez v. Ryan* that the default

**MEMORANDUM DECISION AND ORDER - 8**

should be excused because the state court's failure to appoint initial post-conviction counsel caused the default of his claim. To rely on *Martinez v. Ryan*, Petitioner must show that the claim was substantial, meaning that it had *some* merit.

The Court has determined that the outcome of either inquiry is the same, whether it addresses the claim on the merits or it reviews the substantiality of the claim. The state court record shows that Ms. DePew, the contracted Jerome Public Defender, was appointed to represent Petitioner in the criminal case on January 23, 2013. Petitioner was arraigned and had his counsel file a motion to withdraw, with a request to appoint substitute counsel, on February 25, 2013. (State's Lodging C-1, p. 39.) The motion was denied.

One week later, on March 4, 2013, a motion was filed to allow Petitioner to represent himself. The state district court conducted a *Faretta* inquiry and granted the motion. (*Id.*, p. 43.)

None of the state courts that have addressed Petitioner's claim have found that Petitioner presented *any evidence whatsoever* that, during the 41 days Ms. DePew represented Petitioner, she was unduly influenced by the flat rate contract under which she represented Petitioner. Likewise, Petitioner's vague references to deficient performance here—refusing to copy or discuss discovery responses from the prosecutor with him, and using it as leverage in coercing a guilty plea, failing to consult or communicate with Petitioner regarding evidence, failing to file pretrial motions challenging the search and arrest as unconstitutional, and failing to prepare for the preliminary hearing or interview him to obtain relevant information concerning the

**MEMORANDUM DECISION AND ORDER - 9**

search and arrest—do not show what exactly DePew could have done differently in her 41 days of representation and how it could have made a difference in Petitioner's case. Petitioner himself brought a motion to suppress, which warranted an evidentiary hearing. The motion was denied. (See State's Lodging A-1.) Petitioner does not explain how DePew's efforts—had they been uninhibited by her alleged conflict of interest—could have made any difference in the suppression issue or on any other front.

Petitioner also asserts that DePew failed to assert Petitioner's conditions of confinement and ADA claims. However, generally, such claims are the stuff of civil rights actions and are not properly asserted in criminal cases. Petitioner has provided insufficient facts showing that the claims had merit *and* should have been asserted in his criminal case, or that DePew's failure to assert such claims resulted from her alleged financial conflict of interest, rather than her professional opinion that the claims were improper or frivolous.

This Court concludes that Petitioner's conflict of interest claim fails on the merits under a de novo review standard. Alternatively, the record reflects that the claim is procedurally defaulted and not substantial. Therefore, the claim will be dismissed and denied with prejudice.

4. **Claim 2**

   A. *Nature of Claim*

   Claim 2 is that the prosecutor's office engaged in malfeasance when it formulated and adopted Jerome County's fixed-rate public defender contract. Plaintiff alleges that this "contract entanglement was intended to work unfair advantage against indigents, and

**MEMORANDUM DECISION AND ORDER - 10**

weaken or abrogate safeguards of the federal constitution relative to vulnerable and under-educated indigents as third-party beneficiaries." (Dkt. 1, p. 11.)

### B. State Court Proceedings

Petitioner concedes in his Petition for Writ of Habeas Corpus that the prosecutorial malfeasance claim was never raised before the Idaho Supreme Court. (Dkt. 1, p. 14.) As a result, the claim has not been exhausted and is procedurally defaulted, because it is now too late to bring it in a proper manner. Petitioner argues that the default should be excused because his post-conviction appellate counsel abandoned the issue on appeal in favor of another issue. (*Id*.)

### C. Discussion

Claim 2 clearly is procedurally defaulted. Petitioner argues that *Martinez v. Ryan* should be applied to excuse the default. However, the *Martinez* exception applies only where an *ineffective assistance of trial counsel* claim is at issue, and where that claim was defaulted because of post-conviction counsel or the lack of counsel during the *initial* post-conviction proceedings. A prosecutorial misconduct claim falls outside the *Martinez* exception, as does the ineffectiveness of post-conviction *appellate* counsel for not raising the claim on appeal. There is no other set of facts amounting to adequate cause to excuse the default of the claim that is evident from the record. Therefore, Petitioner cannot proceed on Claim 2.

### 5. Claim 3

#### A. *Nature of Claim*

Claim 3 is that Petitioner's sentence is unconstitutional because "the maximum term for felony possession of a controlled substance may not be enhanced by a prior misdemeanor conviction for possession of drug paraphernalia without violating the proscriptions of the federal Constitution." (Dkt. 1, p. 16.) This claim challenges the manner in which the state district court interpreted Idaho Code § 37-2739, the Uniform Controlled Substances Act's enhancement provision. The Idaho appellate courts have not yet addressed Petitioner's question.

#### B. *State Court Proceedings*

Petitioner first raised this claim before the state district court in a Rule 35 motion for correction or reduction of sentence filed on September 26, 2013. The state district court denied the motion on October 8, 2013, determining that the statute was not ambiguous and it was properly applied to Petitioner. (State's Lodging A-1, pp. 461-65 & 468-72.) He did not appeal denial of the first Rule 35 motion.

Petitioner brought the claim before the state district court in a second Rule 35 motion to correct an illegal sentence, on May 27, 2015. (State's Lodging E-1, pp. 6-8.) The state district court relied on the law of the case doctrine to deny the motion:

> This Court previously decided the applicability of the sentencing enhancement for a prior violation of the Uniform Controlled Substance Act, I.C. § 37-2739 when it denied the defendant's Rule 35 Motion on October 28, 2013.
>
> The law of the case doctrine bars re-litigation of issues in a single case and its subsequent progress. *Berkshire Invs.,*

**MEMORANDUM DECISION AND ORDER - 12**

> *LLC v. Taylor*, 153 Idaho 73, 81 n.7, 278 P.3d 943, 951 n.7
> (2012).

(*Id.*, p. 39.)

After denial of the motion, Petitioner filed an appeal. (*Id.*, pp. 41-43.) The Idaho Court of Appeals determined: "Because McCabe presents the same argument regarding his enhanced sentence as he did in his first Rule 35 motion, the law of the case doctrine precludes consideration of McCabe's Rule 35 motion." (State's Lodging F-4, p. 2.) The Court of Appeals alternatively denied the motion on res judicata grounds, because Petitioner could have, but did not, appeal denial of the same claim in his first Rule 35 motion. (*Id.*, p. 3.)[2] Petitioner brought the claim before the Idaho Supreme Court in a petition for review, which was denied. (State's Lodging F-5 to F-8.)

Petitioner brought the claim yet again in an original petition for writ of certiorari addressed to the Idaho Supreme Court. That action was unsuccessful. (State's Lodgings G-1 to G-5.)

C. Discussion

Respondent argues that Claim 3 is procedurally defaulted because Petitioner did not fully exhaust it after filing the first Rule 35 motion, and, when he attempted to bring it again, the Idaho Court of Appeals determined it was barred by the law of the case and res judicata doctrines.

---

[2] The Idaho Court of Appeals' third alternative procedural basis for refusing to hear the claim—that Petitioner had presented the identical argument in his *motion to withdraw his guilty plea*— was based on an erroneous finding. However, because the two other procedural bars are accurate, the incorrect alternative basis does not affect the procedural bar of this claim on the other two grounds.

MEMORANDUM DECISION AND ORDER - 13

The law of the case doctrine is an adequate state procedural bar, because it was clear, consistently applied, and well-established by 2015 when the state court applied the bar. *See State v. Hawkins*, 305 P.3d 513, 516 (Idaho 2013) (citing *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.2d 1282, 1286 (2009) for the principle that the law of the case doctrine "prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal")). In fact, Petitioner recognized that—to have Claim 3 heard at all—the Court of Appeals first would have had to agree to modify the law of the case doctrine, which it declined to do. The law of the case doctrine is independent of federal law, because it is does not rest on, nor is it interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). Instead, the law of the case doctrine is a state procedural mechanism designed to help the state courts manage their extremely busy dockets with efficiency and give attention to claimants who bring new, rather than already-decided, matters.

The second state procedural bar invoked by the Idaho Court of Appeals was res judicata. (State's Lodging F-4, p. 3.) Idaho res judicata doctrine, federal exhaustion principles, and Idaho sentence review procedures have an interesting relationship in federal habeas corpus actions, depending on the procedural history of the case.

Under a first scenario, when a petitioner *actually raised* a sentencing claim in the state district court *and fully and properly exhausted* it through the level of the Idaho Supreme Court it in a first state action, he has properly exhausted the claim for federal habeas exhaustion requirements, regardless of whether he tries to bring it a second time

in state court. If he does, and the state court deems it already resolved and applies res judicata, that decision does *not* affect the fact that he properly exhausted it the first time.

Under a second scenario, the federal effect is *not* the same if a state court applies the res judicata doctrine to procedurally bar a sentencing claim—not because it *was* brought in an earlier action—but because it *could have been, but was not, brought* in an earlier action because it was so related to another sentencing claim or issue. In that circumstance, the state procedural bar of res judicata functions more like a failure to exhaust and procedural default within the state court system, and that state procedural bar is adequate, *see State v. Hawkins*, *supra*. It is also independent of federal law, as it is a tool of state court judicial efficiency. Therefore, the federal court must give effect to the state procedural bar in this action.

Another important distinction depends on the content of the sentencing claims. In Idaho, Rule 35 can be used two different ways. One is that a sentence *that is within the statutory limits* can be challenged as having been imposed *in an illegal manner*, which is deemed a plea for leniency under a state abuse of discretion theory. *See State v. Huffman*, 159 P.3d 838, 840 (2007). That type of claim must "show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion" and must be brought within 120 days. *Id*.

Idaho also permits a claim that a sentence is *illegal* to be brought in a Rule 35 motion *at any time*. Such a claim can be brought in a second Rule 35 action if the subject matter is properly the *illegality* of the sentence, and it is not simply a disguised claim for leniency. If a petitioner previously brought a Rule 35 action, the doctrine of res judicata

**MEMORANDUM DECISION AND ORDER - 15**

bars consideration of Rule 35 motions that raise issues already finally decided in earlier Rule 35 motions. *State v. Rhoades*, 11 P.3d 481, 482 (2000). The Idaho appellate courts have reasoned that application of res judicata prevents a petitioner from "bypass[ing] the normal rules of appellate procedure, rather than filing a timely appeal from the order responding to his first Rule 35 motion." *Id*. at 482.

Here, Petitioner tried to bring the same claim before the Idaho courts three times. First, he raised it in a Rule 35 motion for correction or reduction of sentence, but he did not file an appeal of the denial of that motion, which procedurally defaulted the claim for federal habeas corpus purposes. Second, he raised it in a Rule 35 motion to correct an illegal sentence and filed an appeal from denial of that motion, but that claim was rejected under the law of the case and res judicata doctrines that it was or could have been raised in the earlier action, which is a second ground for federal procedural default.

Third, Petitioner filed a petition for writ of certiorari with the Idaho Supreme Court, under that Court's original jurisdiction authority. (State's Lodging G-1.) However, just as a petitioner is not permitted to bypass a direct appeal of a first Rule 35 motion denial and instead file a later Rule 35 motion on the same subject matter, a petitioner is not entitled to use an extraordinary procedural mechanism for a non-extraordinary sentencing claim. The Idaho Supreme Court denied the petition without comment.

In *Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985), the United States Court of Appeals for the Ninth Circuit concluded that the petitioner's efforts to present his sentencing claim to the Idaho Supreme Court via an extraordinary petition was improper because he had a post-conviction remedy under the Uniform Post-Conviction Procedure

**MEMORANDUM DECISION AND ORDER - 16**

Act ("UPCPA"), Idaho Code §§ 19-4901 to 19-4911. *Id*. at 877-78. Because the petitioner raised a sentencing challenge, and the Idaho courts require such claims to be brought under the UPCPA, the Ninth Circuit concluded that it was "reasonable to presume that the supreme court deferred to this policy in dismissing [the] petition," and accordingly concluded that "its summary dismissal was procedural, not on the merits." *Id*. at 878.

The Court concludes that a petition for a writ of certiorari is not the proper procedural vehicle for bringing an ordinary sentencing claim, given that the Idaho Supreme Court has a policy that extraordinary writs are reserved for extraordinary circumstances. *See Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981) (state prisoner's petition for writ of habeas corpus to Oregon Supreme Court was insufficient to satisfy the exhaustion requirement, where the petitioner had an alternative remedy in the lower state court and in view of Oregon Supreme Court's long-standing policy of declining exercise of its original jurisdiction); *Castille v. Peoples*, 489 U.S. 346 (1989) (prisoner's submission of a new claim to Pennsylvania Supreme Court on a petition for allocatur was not a "fair presentation" of that claim, for purposes of determining whether the prisoner had exhausted his state remedies, because the first presentation of the claim occurred in a procedural context in which the claim's merits would not be considered unless there were special and important reasons). There is no reason to think that the Idaho Supreme Court considered Petitioner's claim on the merits during Round 3, having denied his petition for review on procedural grounds in Round 2.

**MEMORANDUM DECISION AND ORDER - 17**

The Court concludes that the claim is barred, and that the law of the case and res judicata doctrines applied by the Idaho courts are adequate and independent state procedural bars in this circumstance, as explained above. The Court further concludes that the Idaho Supreme Court's denial of Petitioner's extraordinary writ petition was a procedural, not a merits decision, especially given that the same court denied Petitioner's petition for review on the same subject matter during Round 2 of Petitioner's proceedings.

## PETITIONER'S REQUEST FOR INCORPORATION AND RELATION BACK (DKT. 15)

In the "Request for Incorporation and Relation Back" (Dkt. 15), Petitioner desires to amend his Petition to raise a claim of ineffective assistance of direct appeal counsel for failing to challenge Petitioner's sentencing enhancement. While Respondent concedes that amendment at this stage of the proceedings is permissible, he contends that amendment would be futile, because the claim is procedurally defaulted and, alternatively, without merit.

Petitioner did not raise his claim of ineffective assistance of direct appeal counsel in the state court system, and it is now too late to do so. Thus, the claim is procedurally defaulted. The *Martinez v. Ryan* exception applies only to defaulted claims of ineffective assistance of *trial* counsel; it has not been extended to other types of claims. Therefore, the proposed new claim is not eligible for application of the *Martinez* exception. *See Davila v. Davis*, 137 S. Ct. 2058 (2017) (holding that *Martinez* is not applicable to claims of ineffective assistance of direct appeal counsel). Further, the traditional *Coleman* rule

specifically excludes *post-conviction* counsel as "cause," and no other adequate excuse why the claim was not properly raised in state court is evident in the record. Therefore, the Court will not permit Petitioner to amend his petition because amendment would be futile.

## CONCLUSION

Petitioner's claims are all procedurally defaulted. No exception applies to permit the Court to hear the claims. Claim 1 is also alternatively denied on the merits. Petitioner's proposed amendment would be futile and will not be permitted. Upon a de novo review of the record, the Court adopts and confirms the prior decisions of the United States Magistrate Judge. For all these reasons, the Petition for Writ of Habeas Corpus will be dismissed with prejudice.

## ORDER

1. The Motion for Summary Dismissal (Dkt. 12) is GRANTED.
2. The Request for Incorporation and Relation Back (Dkt. 15) is DENIED.
3. Upon a de novo review of the record, the Court adopts and confirms the prior decisions of the United States Magistrate Judge.
4. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED with prejudice.
5. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the

Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 13, 2018

B. Lynn Winmill
Chief U.S. District Court Judge